UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID C. PAPPAS,
        Plaintiff,

    v.                                        Case No. 09C598

MILWAUKEE COUNTY, et al.,
        Defendants.

## DECISION AND ORDER

Pro se plaintiff David C. Pappas brings this § 1983 action against Milwaukee County ("the County"), Wisconsin Department of Natural Resources officials Matthew Frank and Gloria McCutcheon ("the DNR defendants"),[1] and the South Shore Yacht Club and its board of directors (the "Yacht Club defendants"). Plaintiff's complaint is confusing and repetitive, but plaintiff's principal allegation is that defendants violated his Fourteenth Amendment rights by restricting his access to lakebed property subject to the state law public trust doctrine. Plaintiff also asserts related Fourteenth Amendment rights and several state law claims. I have federal question jurisdiction over plaintiff's § 1983 claims, and I have supplemental jurisdiction over plaintiff's state law claims because they arise out of the same facts as his § 1983 claims. Before me now are the DNR defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim and the County and Yacht Club defendants' motions for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).

---

[1]Defendant Frank presently heads the Wisconsin Department of Corrections and is no longer employed by the DNR.

## I. PLAINTIFF'S ALLEGATIONS

In his second amended complaint, plaintiff alleges that the County holds title to some 1400 acres of filled lakebed property on the Lake Michigan shore, which, since 1931, it has leased to the Yacht Club; that the Yacht Club operates a clubhouse, a restaurant and a number of piers and that it permits only Yacht Club members to use most of its facilities; that in 2002, after being prodded by the DNR, the County and the Yacht Club entered into an agreement requiring the Yacht Club to provide greater public access to some of the lakebed property it leases, including two piers; that plaintiff was once a member of the Yacht Club, but the Yacht Club suspended his membership, and as a result, he does not have access to most of the lakebed property controlled by the Yacht Club. Plaintiff makes several additional allegations, which I will discuss in the course of this opinion.

## II. STANDARD OF REVIEW

I evaluate Rule 12(b)(6) and Rule 12(c) motions under the same standard. Buchanon-Moore v. County of Milw., 570 F.3d 824, 827 (7th Cir. 2009). To survive either type of motion, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). I assume the veracity of all well-pleaded factual allegations and then determine whether they plausibly give rise to an entitlement to relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). A claim has facial plausibility when plaintiff pleads factual content that allows me to draw the reasonable inference that defendants are liable for the misconduct alleged. Id. at 1949. To state a claim under § 1983, plaintiff must plausibly allege that defendants

2

deprived him of a federal constitutional right while acting under color of state law. Kramer v. Vill. of N. Fond du lac, 384 F.3d 856, 861 (7th Cir. 2004).

## III. DISCUSSION

**A. Plaintiff's First and Second § 1983 Claims**

I will analyze plaintiff's first and second § 1983 claims together because they are similar. In his first § 1983 claim, plaintiff alleges that as a result of the County's lease of lakebed property to the Yacht Club, the County and the Yacht Club jointly deprived him of his "fundamental right to use of the lakebed area, held in trust by the state for the benefit of the public in violation of . . . the Fourteenth Amendment . . .." (Second Am. Compl. ¶ 41.) In his second § 1983 claim, plaintiff makes a similar allegation but directs it against the DNR defendants. (See id ¶ 53.) Plaintiff's complaint does not identify the Fourteenth Amendment rights of which defendants allegedly deprived him nor does he clearly explain the precise nature of the deprivation. However, taking all inferences in his favor, I will assume that he claims that defendants deprived him of substantive and procedural due process and equal protection of the law.

Plaintiff's substantive due process claim fails because plaintiff alleges no facts suggesting that defendants deprived him of a right protected by substantive due process. The Fourteenth Amendment does not confer on plaintiff a right to access lakebed property. Rather, any right that plaintiff may have as a member of the public to access lakebed property stems from the state law public trust doctrine. ABKA Ltd. P'ship v. DNR, 247 Wis. 2d 793, 814-15 (Ct. App. 2001). And claims asserting violations of state law are not cognizable under § 1983. See Kraushaar v. Flanigan, 45 F.3d 1040, 1047 (7th Cir. 1995).

3

Plaintiff's procedural due process claim fails because plaintiff alleges no facts suggesting that defendants ever deprived him of any procedural right such as the right to notice or an opportunity to be heard.

As to his equal protection claim, plaintiff alleges no facts suggesting that defendants deprived him of a fundamental right, such as the right to freedom of religion or that defendants treated him differently than others based on his membership in a "suspect" class such as race or national origin. Rather, plaintiff alleges that defendants, acting jointly, allow Yacht Club members greater access to lakebed property than members of the general public. This allegation implicates neither a fundamental right nor a suspect classification. Because plaintiff's allegation does not implicate a fundamental right or a suspect classification, the proper standard of review of the conduct of which plaintiff complains is rational basis review. Snail v. Vill. of Lisle, 588 F.3d 940, 943 (7th Cir. 2009). For his equal protection claim to survive rational basis review, plaintiff must allege facts sufficient to overcome the presumption of rationality that applies to a classification established by a governmental body. Wroblewski v. City of Washburn, 965 F.2d 452, 460-61 (7th Cir. 1992). Thus, to prevent his equal protection claim from being dismissed, plaintiff must allege facts from which it may be plausibly inferred that the agreement that the County entered into with the Yacht Club and that the DNR approved is not rationally related to a legitimate state interest. Snail, 588 F.3d at 943; Smith v. City of Chi., 457 F.3d 643, 650-51 (7th Cir. 2006). Plaintiff alleges no such facts. Therefore, his equal protection claim fails.

## B. Plaintiff's Third and Fourth § 1983 Claims

I will discuss plaintiff's third and fourth claims together because they raise similar legal issues. In his third § 1983 claim, plaintiff alleges that the Yacht Club did not fully provide the access to members of the public that the 2002 agreement required and that the DNR defendants, Frank and McCutcheon, failed to fulfill their duties to enforce such right of access. In his fourth § 1983 claim, plaintiff alleges that the Yacht Club defendants unlawfully suspended his membership in the Yacht Club and thereby reduced his ability to access lakebed property.

Plaintiff's claims that the Yacht Club defendants did not provide all of the public access required by the 2002 agreement and that they unlawfully suspended his membership both fail because plaintiff alleges no facts from which it may be plausibly inferred that the Yacht Club defendants took these actions under color of state law. A private entity such as the Yacht Club may be found to have acted under color of state law only if the nexus between the challenged action that it took and the state is so close that it is reasonable to treat the action as that of the state itself. Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001). Courts have employed several different but overlapping tests to decide when the nexus between the action of a private entity and the state is close enough to treat the action as state action. See Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 823-824 (7th Cir. 2009).[2] In the present case,

---

[2] For example, private action can become state action when private actors conspire or jointly engage with state actors to deprive a person of constitutional rights; when the state compels the private action; when the state controls an entity that is only nominally private; when the state is entwined with the management and control of the entity or when the state delegates a public function to a private entity. Hallinan v. FOP, 570 F.3d 811, 815-816 (7th Cir. 2009) (collecting cases).

Case 2:09-cv-00598-LA   Filed 04/12/10   Page 5 of 7   Document 65

plaintiff relies on the joint action doctrine, under which the action of a private entity can be considered to have been taken under color of state law when the state or an agent thereof wilfully participates in the action. Cunningham v. Southlake Ctr. for Mental Health, Inc., 924 F.2d 106, 107 (7th Cir. 1991). To establish joint action, a § 1983 plaintiff must establish that the public and private actors share a common, unconstitutional goal. Id. A private actor cannot unilaterally convert a state actor's legitimate activity into an illegal act and thus confer constitutional accountability on itself and liability on the state. Id. at 108. To decide otherwise would "impose on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed." Id. (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1981)).

In his complaint, plaintiff alleges no facts from which it may be plausibly inferred that state or county officials shared either the goal of not fully abiding by the 2002 agreement relating to public access nor of terminating plaintiff's membership in the Yacht Club. Plaintiff alleges no facts suggesting that the County or the DNR defendants knew of either of these goals or that they participated in any acts in furtherance of them. Thus, plaintiff's third and fourth § 1983 claims fail because they do not allege facts plausibly suggesting that when failing to fully abide by the 2002 agreement or when suspending plaintiff's membership in the Yacht Club, the Yacht Club defendants acted under color of state law.

As previously indicated, plaintiff's third § 1983 claim also includes an allegation that the DNR defendants, Frank and McCutcheon, failed to fulfill their duties to enforce the provisions of the 2002 agreement regarding public access by taking action against the Yacht Club. Plaintiff does not indicate whether he seeks to hold the DNR defendants liable in their official or individual capacities. However, in either case, plaintiff's claim fails. An

6

official capacity claim fails because state officials acting in their official capacities are not "persons" for purposes of § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). An individual capacity claim fails because agency officials performing functions analogous to those of a prosecutor, i.e., determining whether to initiate administrative proceedings against a private entity, have absolute immunity with respect to such determinations. Butz v. Economou, 438 U.S. 478, 515-16 (1978); Mendenhall v. Goldsmith, 59 F.3d 685, 690-91 (7th Cir. 1995).

Finally, I note that even if plaintiff had any viable claims, those arising more than six years ago would be barred by the six year statute of limitations for § 1983 claims. See Wis. Stat. § 893.53; Gray v. Lacke, 885 F.2d 399, 407 (7th Cir. 1989).

Because plaintiff's § 1983 claims fail, plaintiff's suit no longer provides a basis for federal jurisdiction. I decline to exercise supplemental jurisdiction over plaintiff's state law claims and will dismiss them without prejudice to any right plaintiff might have to assert them in state court.

## IV. CONCLUSION

Therefore, for the reasons stated,

**IT IS ORDERED** that defendants' motions to dismiss and for judgment on the pleadings are **GRANTED,** and this case **DISMISSED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 12 day of April, 2010.

/s_____
LYNN ADELMAN
District Judge